IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEREZ WORLEY, | ) | CASE NO. 1:18-cv-00050 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHARMAINE BRACY, WARDEN, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **INTERIM REPORT &** |
| | ) | **RECOMMENDATION (Docs. 20 & 21)** |
| | ) | **and ORDER (Doc. 19)** |
| | ) | |

## I.     Introduction

Petitioner Perez Worley ("Petitioner" or "Worley") has filed three motions: Motion to

Expand the Record (Doc. 19), Motion for Stay and Abeyance (Doc. 20) ("Second Motion for

Stay"), and Motion for Leave to Amend Petition (Doc. 21).  Respondent opposes Worley's

motions.  Doc. 22.

This matter has been automatically referred to the undersigned Magistrate Judge pursuant

to Local Rule 72.2.  For the reasons set forth herein, the undersigned recommends that the Court

**DENY** Worley's Motion for Leave to Amend Petition (Doc. 21) and **DENY** Worley's Second

Motion for Stay (Doc. 20).  Additionally, in light of these recommendation, the undersigned

**DENIES** Worley's Motion to Expand the Record (Doc. 19).

## II.     Background

Worley filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition").

Doc. 1.  His petition is deemed filed on January 3, 2018, the date he placed it in the prison

mailing system.[1]  Doc. 1, p. 13.  Subsequently, on March 5, 2018, Worley filed a motion requesting a stay and abeyance of his habeas corpus petition ("First Motion for Stay").  Doc. 4. On June 27, 2018, while Worley's First Motion for Stay was under review, Respondent filed her Return of Writ.  Doc. 12.  On July 11, 2018, the undersigned filed a Report & Recommendation, recommending that the Court deny Worley's First Motion for Stay.  Doc. 13.  On September 17, 2018, the Court adopted the Report & Recommendation and denied Worley's First Motion for Stay.  Doc. 16.  Following the Court's denial of Worley's First Motion for Stay, the undersigned ordered that, if Worley intended to file a Traverse to the Return of Writ, that said Traverse should be filed by October 31, 2018.  *See* September 18, 2018, non-document order.  Worley sought and received an extension of time to file his Traverse by December 15, 2015.  Doc. 18 & October 23, 2018, non-document order.  However, rather than file a Traverse, Worley filed the three pending motions.  Docs. 19, 20, 21.

In his Petition, Worley indicates that, on April 1, 2015, a jury convicted him of aggravated murder with a firearm, improperly handling a firearm in a motor vehicle, and having weapons under disability.  Doc. 1, p. 1.  In his Petition, Worley raises the following six grounds for relief: 1) the state's evidence was insufficient to support Petitioner's convictions; 2) Petitioner was deprived of the effective assistance of counsel at trial; 3) the trial court erred to Petitioner's prejudice when it admitted other acts evidence; 4) Petitioner's right to due process was violated when his motion for reopening was denied on frivolous and inapplicable grounds; 5) Petitioner was denied the effective assistance of counsel when his appellate counsel failed to present the issue of prosecutorial misconduct; and 6) Petitioner was denied the effective

---

[1]  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Worley's Petition was docketed in this Court on January 9, 2018.  Doc. 1.

assistance of counsel when his appellate counsel failed to present the issues of structural error and denial of due process based on the trial court's denial of a reasonable continuance so Petitioner could retain counsel of his choice.  Doc. 1, pp. 4-9.

In his First Motion for Stay, Worley sought a stay pending resolution of his state court mandamus action relating to his claim that he never received a final appealable order from the state trial court and sought to compel the trial court to impose PRC on two counts of his original sentence.  Doc. Doc. 4, Doc. 9, p. 3, Doc. 12-1, pp. 286-97 (Exhibit 37).  As noted above, this Court denied Worley's First Motion for Stay.  Doc. 16.

In his Motion for Leave to Amend his Petition, Worley seeks to add two new grounds for relief: 1) ineffective assistance of trial counsel; and 2) a claim that the state withheld exculpatory evidence.  Doc. 21.  In his Motion to Expand the Record, Worley seeks to expand the record to include records that he received through a public records request that he asserts demonstrate that trial counsel and the state withheld exculpatory evidence. Doc. 19.  In his Second Motion for Stay, Worley requests that this Court stay this habeas proceeding to allow him to pursue a post-conviction petition in state court wherein he contends he has asserted the claims he seeks to add as new grounds for relief in this habeas proceeding.  Doc. 20.

### III.    Law & Analysis

A state prisoner with federal constitutional claims must fairly present those claims in state court before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b) (1), (c). *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  Federal district courts may not consider unexhausted claims or "mixed petitions," i.e., a petition containing both exhausted and unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 273-

74 (2005). Petitioners have one year from the end of direct review of their conviction to bring a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

*Rhines* gave district courts discretion to stay a mixed petition so that a petitioner can return to state court with unexhausted claims and not be prejudiced by the statute of limitations running out on the exhausted claims. *Rhines*, 544 U.S. at 275-76. However, the Court noted that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings [and] . . . undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his habeas petition." *Rhines*, 544 U.S. at 277. Therefore, stay and abeyance is only appropriate in limited instances such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 278. Additionally, courts should not grant a stay where the petitioner engages in "abusive litigation tactics or intentional delay[.]" *Id.*

Worley has previously stated that his Petition is not a mixed petition. *See* Doc. 4, p. 2 ("[t]he petition here is not a 'mixed petition'"). Thus, since *Rhines* addresses "mixed petitions," stay and abeyance under *Rhines* would not apply to Worley's currently filed Petition. Assuming arguendo that the Court considered Worley's Petition as a mixed petition, Worley has not demonstrated entitlement to a stay and abeyance under *Rhines*.

As set forth above, a petitioner must demonstrate good cause for his failure to previously raise a claim in state court. *Rhines*, 544 U.S. at 277. Worley claims that he should be granted a stay because he filed his petition for post-conviction relief within a reasonable time as it was

4

based on newly discovered evidence.  Doc. 20, p. 1.  Worley filed his petition for post-conviction relief in the trial court on December 4, 2018.  Doc. 22-1.  In that filing, he states that his investigator, Ms. Bickerstaff, received the alleged "newly discovered" evidence through a public records request on November 11, 2017, and Worley received that evidence himself on December 11, 2017.  Doc. 22-1, pp. 3, 15.  While Worley contends that his post-conviction petition was filed in good faith and not for any dilatory purpose (Doc. 20, p. 1), he did not file his petition for post-conviction relief until almost one year after he was made aware of the alleged "newly discovered" evidence.  Accordingly, the undersigned finds that Worley has failed to demonstrate good cause for granting a stay to allow him to pursue unexhausted claims in state court.  Additionally, the undersigned finds that Worley has been dilatory in seeking his requested relief.  On October 22, 2018, Worley requested and received an extension of time to file his Traverse in response to the Return of Writ that was filed on June 27, 2018 (Doc. 12).  Doc. 18.  Worley provided no indication in that request that he did not intend to file a Traverse.  However, rather than file a Traverse, Worley filed the pending motions, which seek to raise issues pertaining to alleged "newly discovered" evidence that Worley was aware of at least as far back as December 11, 2017.  For these reasons the undersigned recommends that the Court **DENY** Worley's Second Motion for Stay (20).

Furthermore, while Fed. R. Civ. P. 15(a)(2) provides that a "court should freely give leave when justice so requires[,]" the undersigned finds that leave to amend is not warranted in this instance.  Respondent filed her Return of Writ on June 27, 2018.  Doc. 12.  Worley was aware of the alleged "newly discovered" evidence as far back as December 11, 2017.  Doc. 22-1, p. 3.  Yet, Worley did not seek to amend his Petition based on the alleged "newly discovered" evidence until almost one year later.  Doc. 21.  Moreover, even prior to filing his pending habeas

Petition, which is deemed filed as of January 3, 2018, Worley was aware of the alleged "newly discovered" evidence upon which his request to amend Petition is premised.  Considering the foregoing, the undersigned recommends that the Court **DENY** Worley's Motion for Leave to Amend (Doc. 21).

## IV.  Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DENY** Worley's Second Motion for Stay and Abeyance (Doc. 20) and **DENY** his Motion for Leave to Amend (Doc. 21).  Additionally, in light of the foregoing recommendation, the undersigned **DENIES** Worley's Motion to Expand the Record (Doc. 19).


Dated: May 30, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).