# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PEREZ WORLEY, | ) CASE NO. 1:18-CV-00050 |
| Petitioner, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| CHARMAINE BRACY, WARDEN, | ) **MEMORANDUM OPINION** |
| Respondent. | ) |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen E. Burke (ECF No. 20). On January 3, 2018, Mr. Perez Worley filed petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Worley subsequently filed three motions in relation to his petition for a writ of habeas corpus: Motion to Expand the Record (ECF #19), Motion for Stay and Abeyance (ECF #20), and Motion for Leave to Amend Petition (ECF #21). These motions are opposed by the Respondent. ECF #22.

## Federal Habeas Petition

On January 3, 2018, Mr. Worley filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF #1. He asserts six grounds for relief: 1) the state's evidence was insufficient to support Petitioner's convictions; 2) Petitioner was deprived of the effective assistance of counsel at trial; 3) the trial court erred to Petitioner's prejudice when it admitted other acts evidence; 4) Petitioner's right to due process was violated when his motion for reopening was denied on frivolous and inapplicable grounds; 5) Petitioner was denied the effective assistance of counsel when his appellate counsel failed to present the issue of prosecutorial misconduct; and 6) Petitioner was denied

the effective assistance of his appellate counsel when counsel did not present the issues of structural error and denial of due process based on the trial court's denial of reasonable continuance so Petitioner could retain counsel of his choice.

On March 5, 2018, Mr. Worley filed a motion requesting a stay and abeyance of his habeas corpus petition. ECF #4. Pending review of the motion for stay, Respondent filed a Return of Writ. ECF #12. Magistrate Judge Burke filed a Report & Recommendation on July 11, 2018, recommending that the Court deny Worley's motion for stay. ECF #13. On September 17, 2018, the Court adopted the Report & Recommendation and denied Worley's First Motion for Stay. Doc. 16. Following the Court's denial of Worley's First Motion for Stay, the undersigned ordered that, if Worley intended to file a Traverse to the Return of Writ, that said Traverse should be filed by October 31, 2018. *See* September 18, 2018, non-document order. Worley sought and received an extension of time to file his Traverse by December 15, 2015. Doc. 18 & October 23, 2018, non-document order. However, rather than file a Traverse, Worley filed the three pending motions. Docs. 19, 20, 21.

In his First Motion for Stay, Worley sought a stay pending resolution of his state court mandamus action relating to his claim that he never received a final appealable order from the state trial court and sought to compel the trial court to impose PRC on two counts of his original sentence. Doc. Doc. 4, Doc. 9, p. 3, Doc. 12-1, pp. 286-97 (Exhibit 37). As noted above, Magistrate Judge Burke's Court denied Worley's First Motion for Stay. ECF #16.

In his Motion for Leave to Amend his Petition, Worley seeks to add two new grounds for relief: 1) ineffective assistance of trial counsel; and 2) a claim that the state withheld exculpatory evidence. ECF # 21. In his Motion to Expand the Record, Worley seeks to include records that he received through a public records request that he asserts demonstrate that trial counsel and the state withheld exculpatory evidence. ECF #19. In his Second Motion for Stay, Worley requests that this

2

Court stay this habeas proceeding to allow him to pursue a post-conviction petition in state court wherein he contends he has asserted the claims he seeks to add as new grounds for relief in this habeas proceeding. ECF # 20.

**Magistrate Judge's Interim Report and Recommendation**

After reviewing the record, Magistrate Judge Burke issued her Interim Report and Recommendation on May 30, 2019. Magistrate Judge Burke recommended the Court should DENY Worley's Motion for Leave to Amend Petition. ECF #21. The Magistrate Judge asserts that Worley was aware of "newly discovered evidence" in December 2017, yet did not seek to amend his petition until almost a year later. Furthermore, Mr. Worley was aware of the "newly discovered evidence" before filing his pending habeas petition. ECF #1. For these reasons, Magistrate Judge Burke recommends this Court DENY Worley's Motion for Leave to Amend Petition. ECF #21.

Magistrate Judge Burke also recommends the Court DENY Mr. Worley's Second Motion for Stay. According to *Rhines v. Weber*, federal district courts may not consider unexhausted claims or "mixed petitions" containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 266, 273-74 (2005). *Rhines* asserts a stay and abeyance is only appropriate "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 278. As Mr. Worley's claim for a stay utilizes *Rhines*, which addresses "mixed petitions," and Worley himself has stated his petition is not a mixed petition, he does not justify entitlement to a stay and abeyance under *Rhines*. Further, as put forth in *Rhines*, a petitioner must demonstrate good cause for his failure to previously raise a claim in state court. *Id* at 277. However, Worley did not file a petition for post-conviction relief until

3

nearly one year after his acquisition of "newly discovered" evidence. Petitioner, therefore, was dilatory in requesting relief and did not present good cause for granting a stay. ECF #23.

For the reasons stated, Magistrate Judge Burke recommended the Petitioner's Motion for Leave to Amend Petition (ECF #21) and Petitioner's Second Motion for Stay (ECF #20) should be DENIED.

**Standard of Review for a Magistrate Judge's Report and Recommendation**
The applicable district court standard for a Magistrate Judge's report and recommendation depends upon whether objections were made to that report. The Advisory Committee on Civil Rules commented on the standard of review for such reports, stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo, or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Petitioner has filed no timely objection to the Magistrate Judge's Report and Recommendation.

The Court has reviewed the Magistrate Judge's Report and Recommendation and, after careful evaluation of the record, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-supported, and correct. This Court ADOPTS Magistrate Judge Burke's Interim Report and Recommendation (ECF #23). Petitioner's Motion for Leave to Amend Petition (ECF #21) and Petitioner's Second Motion for Stay (ECF #20), are DENIED. This Court ADOPTS the Magistrate Judge Burke's DENIAL of Petitioner's Motion to Expand the Record (ECF #19) as set forth in the Report and Recommendation.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: July 3, 2019